**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. # 2111006802 |
| | ) | |
| EDWARD BRITTINGHAM, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Date Submitted: July 13, 2023
Date Decided: July 14, 2023

**ORDER FOLLOWING REMAND
FROM THE SUPREME COURT**

1.     On February 23, 2023, Defendant Edward Brittingham pled guilty to one count of Burglary in the First Degree and one count of Aggravated Menacing. For the burglary charge, Mr. Brittingham was sentenced to fifteen years at Level V, suspended after five years with decreasing levels of probation to follow.  For the aggravated menacing charge, Brittingham was sentenced to one year at Level V, suspended for six months at Level III probation.  On March 17, 2023, a timely notice of appeal was filed, *pro se*, with the Supreme Court of Delaware.

2.     On May 5, 2023, Brittingham filed an affidavit asking to discharge his attorney and to represent himself in his appeal, notwithstanding his constitutional and statutory right to counsel.  Brittingham requested that his case be remanded to the Superior Court for an evidentiary hearing so that he could demonstrate that he

has made his request to proceed pro-se in the Supreme Court knowingly, intelligently and voluntarily.

3. On May 8, 2023, the Supreme Court of Delaware remanded this case to the Superior Court with the following instructions to hold an evidentiary hearing to determine:

(i) Whether Brittingham has retained private counsel to represent him on appeal. If so, the Superior Court's inquiry can end. If not, the Superior Court must determine if Brittingham is an indigent person.

(ii) If Brittingham is indigent, the Superior Court must determine whether he understands his right to court-appointed counsel to assist him on appeal by an inquiry into his educational background and his familiarity, if any, with the criminal justice system, including the trial process. If Brittingham is indigent, he should understand that he must either accept representation on appeal by his present court-appointed counsel or proceed *pro se*.

(iii) If Brittingham elects to proceed pro-se, an inquiry should be made into his decision to waive his right to retain private counsel, or if he is indigent, his decision to waive the assistance of his court-appointed trial counsel, including his explanation for such a decision. This should include the following inquiries:

(a) Whether Brittingham has consulted with any person, including any other attorney, in the making of his decision to waive his right to counsel. Brittingham may, but he is not required to, identify such persons.

(b) Whether Brittingham understands that notwithstanding his lack of legal training, he will be required to comply with all pertinent rules of the Supreme Court.

(c) Whether Brittingham understands that notwithstanding his lack of legal training, he will be required to comply with all pertinent rules of the Supreme Court.

(d) Whether Brittingham understands that noncompliance with pertinent rules of the Supreme Court may delay or prejudice his appeal.

(e) Whether Brittingham understands that the allowance of oral argument is discretionary with the Supreme Court, and that the Supreme Court's practice in criminal cases is not to grant oral argument to *pro se* litigants.

(f) Whether Brittingham ay understands that if his waiver of counsel is accepted, he will not thereafter be permitted to interrupt or delay the appellate process to secure the assistance of court-appointed counsel simply because he has changed his position.

3

(g)   The Superior Court should make such further inquiries as deemed necessary or desirable in order to formulate a conclusion as to whether Brittingham's decision to proceed *pro se* is knowing and voluntary.

4.   On July 13, 2023, this Court held an in-person hearing as was ordered by the Supreme Court. Present were the Defendant, Timothy J. Weiler (Office of Defense Services) and Deputy Attorney General Dominick Carrera.

5.   Based on the entire record, including the testimony taken at the July 13, 2023 hearing, this Court's review of the various filings made by Brittingham himself (as opposed to filings made by counsel) to this Court and the Delaware Supreme Court, this Court makes the following findings of fact.

(a)   Timothy J. Weiler was appointed to represent Brittingham on appeal. Defendant wants to discharge Mr. Weiler and proceed *pro se*. Defendant does not want to be represented by court appointed counsel.

(b)   Brittingham has no assets and cannot afford counsel.

(c)   Brittingham is indigent.  Brittingham understands that he must either accept representation on appeal by a court-appointed counsel or proceed *pro se*.

(d)   Brittingham understands that he has the right to court-appointed counsel to assist him on appeal.  Brittingham has a high school degree and an associates degree in criminal justice. He also has paralegal

4

training from Blackstone University. Brittingham also represented that he has access to LexisNexis and the law library at Howard R. Young Correctional Institution for legal research.

(e) Brittingham wants to waive his right to any court appointed counsel. His reason for not wanting counsel is that he believes that he can adequately represent himself on appeal without the assistance of counsel.

(f) Brittingham has not consulted with another person about waiving his right to counsel.

(g) Brittingham understands that the appellate process involves the application of rules of procedure that might be difficult for him to understand.

(h) Brittingham understands that even though he has no formal legal training (other than paralegal studies) he will be required to comply with all pertinent rules of the Supreme Court.

(i) Brittingham understands that noncompliance with pertinent rules of the Supreme Court may delay or prejudice his appeal.

(j) Brittingham understands that oral argument in the Supreme Court is discretionary and that it is the Supreme Court's practice in criminal cases not to grant oral argument to *pro se* litigants.

(k)     Brittingham understands that if his waiver of counsel is accepted, he will not thereafter be permitted to interrupt or delay the appellate process to secure the assistance or court-appointed counsel simply because he has changed his mind about wanting to be represented by an attorney.

(l)     No one has coerced or forced Brittingham to request that he proceed pro-se in his appeal.

(m)    No one has promised Brittingham anything as a result of his decision to proceed *pro se* in his appeal.

(n)     Brittingham confirmed that he had no physical or mental condition that prevented him from understanding the Court's questions or impacted his ability to determine whether to proceed *pro se*.

(o)     Brittingham fully understands the consequences of his decision to proceed *pro se* in his appeal before the Supreme Court of Delaware.

(p)     Prior to the hearing on July 13, Brittingham signed a "Waiver of Counsel" form, attached hereto as Exhibit A.

(q)     Brittingham's decision to proceed *pro se* in the Supreme Court of Delaware is made knowingly, intelligently and voluntarily.

6.  This Court finds that as a matter of law that Brittingham's decision to proceed without the assistance of counsel in the Supreme Court of Delaware and to proceed *pro se* is made knowingly, intelligently and voluntarily.

IT IS SO ORDERED.

/s/ Meghan A. Adams
_____
**Meghan A. Adams, Judge**

# EXHIBIT A

# WAIVER OF COUNSEL FORM

I, the undersigned, wish to proceed without a lawyer to represent me. In support thereof, the following is offered:

1. I am charged with the following offense(s):   (If more than 4, use back of form.)
   a. BURG 1st                    Cr.A. No. IN22-03-0811
   b. AGG. MENACING               Cr.A. No. IN22-01-0010
   c. _____            Cr.A. No. _____
   d. _____            Cr.A. No. _____

2. The total possible period of incarceration with regard to the above charge(s) is ~~30 YEARS~~ 20 YEARS
   The above-charge(s) [**do** / do not] include felony charges. (Circle as applicable.)

3. I believe I am competent to represent myself.    YES

4. The extent of my education is as follows:   (Check as appropriate.)
   ☐ 7th grade;   ☐ 8th grade;   ☐ 9th grade;   ☐ 10th grade;   ☐ 11th grade;   ☑ 12th grade;
   ☐ some college;   ☑ college;   ☐ post-graduate

5. I have had previous experience in the criminal justice system as follows: YES

6. I [**have** / have not] participated in a trial before.   (Circle as applicable.)

7. I realize that most persons who are charged with criminal offenses choose to be represented by a lawyer and that the Constitution guarantees me, as an accused person, the right to a lawyer.   YES

8. I understand that a competent lawyer would be knowledgeable to court proceedings, rules of evidence and the law that governs my trial. If this case is tried, there may be technical issues which would make it very difficult for me, as a non-lawyer, to assess. AND APPEAL   YES

9. I understand that a trial in this case will take place according to the established laws and rules of the court and that I do not have a constitutional right:   YES

   a. To receive personal instruction from the trial judge on courtroom procedure;   YES
   b. To have the trial judge take over the chores for me that would normally be attended to by a YES trained lawyer as a matter of course if I have legal representation.   YES .

10. I further understand that if I became confused or frustrated, there would be no basis to interrupt the trial, nor would it be a license for me to raise improper objections or representations.   YES

11. I further understand that if I fail to conduct myself with due respect for the laws and rules governing my trial, or should I become disruptive, it is possible that the trial court might then appoint a lawyer to represent me whether I liked it or not.   YES   AND APPEAL

12. I understand that the Court, in its discretion, may appoint a stand-by lawyer to assist me and to offer consultation whether I desire a stand-by lawyer or not.   YES

13. I, the undersigned, understand that there are definite hazards in representing myself. Nevertheless, I wish to represent myself in my case and I hereby knowingly, intelligently and voluntarily waive my right to a lawyer.   YES

X _____          7/13/23          _____     7/1
Defendant                             Date      Approved                              Date